## Douty's Estate.

*Decedents' estates—Orphans' court sale—Will*

The Supreme Court will not reverse an order of the orphans' court made in 1899 directing an executor to sell land, where it appears that the testator died in 1873, that by his will annuities and legacies were charged on the real estate, that at the time the order was made the personalty was exhausted, and there was no fund with which to pay the annuities and legacies.

Argued May 22, 1900. Appeal, No. 16, Jan. T., 1900, by W. H. M. Oram, from decree of O. C. Northumberland Co., Dec. T., 1898, No. 3, directing sale of real estate in the Estate of John B. Douty, deceased. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Petition for decree to sell real estate.

The facts appear by the opinion of SAVIDGE, P. J., which was as follows:

John B. Douty died in 1873. By his will he first provides for his widow, giving her, inter alia, an annuity of $1,200. She died in 1894. He next gives his sister, Elizabeth Lewis, an annuity of $600, which upon her death goes to her son, William Lewis. He then bequeaths to each of the four children of William H. Douty, $15,000, to be paid to them as they be-

come of age. The sums so bequeathed to be collected by his executors from the proceeds and income of his estate as soon as convenient after his death, the interest to be used, if necessary for the maintaeance and education of said legatees during their minority. Then follow legacies of $3,000 to each of four children of William R. Kutzner and to another Kutzner child a legacy of $3,500.

Following this are certain specific bequests of real and personal property. He then devises to his executors the residue of his estate, real and personal, in trust inter alia, for the following purpose : " To invest so much of my estate as in their discretion may be necessary to secure the payment of the widow's annuity and the annuity of Elizabeth Lewis and her son William." The residuary clause provides that upon the youngest Douty child reaching its majority, all the remaining portion of the estate " hereinbefore conveyed " to the executors shall be by them conveyed, share and share alike to the Douty children.

Elizabeth Lewis died in 1877 and in 1897 William Lewis conveyed his interest in the Lewis annuity to the Douty children for the sum of $5,000.

There has been paid on account of the Lewis annuity $3,065.33. No fund has ever been set apart to meet this annuity. As we understand, no part of the Douty or Kutzner legacies have been paid. The personal estate is exhausted and there is left only the real estate described in the petition, consisting of several properties in the borough of Shamokin, alleged to be of the aggregate value of $37,000.

We are of the opinion that by reason of the blending of the real and personal estate, in the residuary clause of the will all the annuities and legacies are a charge on the realty: Blake's Estate, 134 Pa. 240. The residuary clause was almost identical with that of the Douty will: Davis's Appeal, 83 Pa. 348 ; Cook v. Petty, 108 Pa. 138.

We are of the opinion that the testator intended that, first of all the annuities should be paid and are clear that these are entitled to consideration before the legacies are to be looked after. By the legacies is meant the specific bequests to the Douty and Kutzner children.

Whether the assignees of the Lewis annuity being persons

interested in the estate as legatees, can have more than the amount invested by them in the purchase of the same, with interest, is not material to the present controversy.

After the annuity is provided for we believe that the balance of the estate, real and personal, not disposed of by specific bequests should be divided pro rata among the Douty and Kutzner legatees.

However, this is not very material to the present inquiry, as we are not now distributing the estate but determining only whether the real estate ought to be sold by the executor and the proceeds brought in for distribution.

If the assignees of the Lewis annuity are entitled only to the money they have put into the purchase, there is no reason why the estate should not be promptly settled.

If they are entitled to the annuity, to wit: $600 per annum during the balance of William Lewis's life, then, according to the will, the real estate should be disposed of and so much of the decedent's estate " as may be necessary to secure the payment of the annuity " should be invested by the executor. In any event we cannot see how the Lewis annuity should stand in the way of settlement of the estate.

It is contended that the legacies of the Kutzner children, the petitioners, are barred by the statute of limitations. We do not believe that the statute of limitations or presumption of payment has run against them. Because:

1. The executor is the trustee of the estate for the legatees.

2. The legatees named in the will have, prima facie, a right to have the estate settled and an account filed.

3. This question can properly be raised only on distribution.

4. The petition alleges a demand upon the executor, which is not denied by the answer, and the presumption is that the demand was made in time.

As to the estate described in the petition the rule is made absolute and the executor is ordered to make sale of the same so that after the Lewis annuity has been provided for, the balance of the estate may be distributed according to the provisions of the will of the decedent.

*Error assigned* was the decree of the court.

*James Scarlet,* with him *S. P. Wolverton,* for appellant.

*E. A. Beddall* and *G. H. Gerber*, for appellee.

PER CURIAM, May 29, 1900 :

The learned judge below was clearly right in his decision that the circumstances of this estate require a sale at the present time, and that the question of distribution under the will of testator can best be determined thereafter.

Order of sale affirmed.